IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RONALD EDWARD GRANT, | * |
| v. | * CIVIL ACTION NO. PWG-13-2322 |
| JOHN S. WOLFE, et al., | * |

\*\*\*\*\*\*

## MEMORANDUM OPINION

On August 9, 2013, Petitioner Ronald Edward Grant filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his conviction for first degree burglary entered in 2004 in the Circuit Court for Baltimore County in Case No. 04-CR-1788. ECF No. 1. Respondents filed an Answer that solely addresses the timeliness of Petitioner's application. ECF No. 6. Petitioner was advised of his opportunity to file a reply. ECF No. 10. This he has done. ECF No. 9.

Petitioner pleaded guilty on July 29, 2004, in the Circuit Court for Baltimore County, Maryland, to first degree burglary. ECF No. 6, Ex. 1. On October 4, 2004, he was sentenced to 15 years imprisonment. *Id.* He did not file an application for leave to appeal the entry of guilty plea and sentence. *Id.* Accordingly, his convictions became final on November 4, 2004, when the time for seeking further review expired. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-302(e) (appeal of guilty plea is by way of application for leave to appeal); Md. Rule 8-204(b) (application for leave to appeal to be filed within 30 days after entry of judgment or order from which appeal is sought).

Petitioner filed a Motion to Correct an Illegal sentence on July 20, 2006, which was denied on September 1, 2006. No appeal was taken. ECF No. 6, Ex. 1.

On September 12, 2006, Petitioner submitted a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro.

1

§ 7-102, *et seq*. ECF No. 6, Ex. 1. The Petition was denied on August 14, 2007. *Id*. Petitioner did not seek leave to appeal this decision. *Id*.

On September 25, 2008, Petitioner again filed a Motion to Correct Illegal sentence. The motion was denied on October 3, 2008. *Id*. Petitioner's appeal of this decision was dismissed by the Court of Special Appeals on January 6, 2010. The court's mandate issued on February 5, 2010. *Id*., Ex. 2.

Title 28 U.S.C. § 2244(d)[1] provides a one-year statute of limitations in non-capital cases for those convicted in a state case. This one-year period, however, is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F.

---

[1]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Supp. 771, 771–72 (D. Md. 1998).

The statute of limitations began to run in Petitioner's case on November 4, 2004 and expired on November 4, 2005. Petitioner had no properly filed post-conviction proceedings pending during that time which would have served to toll the limitations period.[2]

In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court concluded that equitable tolling applies to the AEDPA's statute of limitations. *Id.* at 633. The Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id.* at 649. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris*, 209 F.3d at 329–30.[3]

Petitioner indicates that his claim should not be time barred because he was not competent at the time he pleaded guilty in this case. ECF No. 9. A number of circuits have recognized the possibility that mental incompetency may support the equitable tolling of a habeas limitation period. *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001); *Fisher v. Johnson*,

---

[2] In his reply, Petitioner indicates that he pleaded guilty on November 4, 2004 in two separate cases (04-CR-2116 and 04-CR-1788) and was sentenced to thirty years imprisonment with the sentences to run concurrently. Petitioner indicates that he noted a timely appeal in Case Number 04-CR-2116, and that his appeal was dismissed on July 20, 2005. ECF No. 9, at 2. He does not argue, and the court does not find, that the cases ever were consolidated. As such, his appeal in 04-CR-2116 could not serve to statutorily toll the limitations period in 04-CR-1788, the case about which Petitioner filed the instant Petition.

Even if the cases had been consolidated and Petitioner's direct appeal tolled the limitations period for the claims presented in this case, his Petition is nonetheless time barred. Under this scenario the statute of limitations would have begun to run on October 20, 2005, when the time for seeking further appellate review expired. Petitioner had no other properly filed post-conviction proceedings pending until he instituted state post-conviction proceedings over ten months later, on September 12, 2006. The post-conviction proceedings would have again statutorily tolled the limitations period. They, however, concluded on August 14, 2007. Petitioner waited more than a year before filing a Motion to Correct Illegal Sentence and almost six years before filing the instant Petition. As such, there is no scenario in which Petitioner's federal habeas claim is not time-barred.

[3] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

174 F.3d 710, 715 (5th Cir. 1999); *Calderon v. U.S. Dist. Court*, 163 F.3d 530, 541 (9th Cir. 1998). But Petitioner has not been found mentally incompetent. He was evaluated by a court psychiatrist prior to sentencing and apparently was found competent at that time. ECF No. 6, Ex. 1. Petitioner does not identify his mental deficiencies, nor has he alleged, much less demonstrated, that his condition was so severe as to seriously affect his ability to pursue his legal rights during the relevant time period. *See Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 169–70 (S.D.N.Y. 2000).

Even assuming that Petitioner was not competent at the time he pleaded guilty, he has not alleged, much less offered any evidence to demonstrate that he continued to suffer from mental incompetence during the pursuit of his direct appeal, state post-conviction proceedings, and the filing of the instant Petition. Moreover, he has offered no evidence that any mental incompetence precluded him from pursuing his post-conviction proceedings in a timely manner so as to preserve his right to federal review. In short, Petitioner provides no reason why his mental condition barred him from filing his habeas petition. Petitioner has failed to meet his burden of proof to justify equitable tolling by showing that "circumstances beyond his control" prevented him from filing a timely Petition.

To the extent Petitioner claims that his delay in filing were occasioned by his lack of awareness of the law, such a claim is unavailing to serve to equitably toll the limitations period. Petitioner's self-represented status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation). In short, I do not find Petitioner's arguments for equitable tolling compelling.

*See Rouse v. Lee*, 339 F.3d 238, 248–249 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 18 (2nd Cir. 2000) (self-represented status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling). Therefore, the Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Petitioner does not satisfy this standard, and I decline to issue a certificate of appealability under the Rules Governing Section 2254 Petitions in the United States District Courts.

A separate Order follows.

11/6/14
Date

Paul W. Grimm
United States District Judge